## 9400.   TIFT'S GARAGE *v.* MORRIS.

1. The petition set forth a cause of action, and the court did not err in overruling the general demurrer.
2. The special grounds of demurrer, not being argued in the brief of counsel for the plaintiff in error, will be treated as abandoned. The same may also be said of the first special ground of the motion for a new trial.
3. The excerpts from the charge of the court, complained of in the 2d and 3d special grounds of the motion, were not erroneous for any reason assigned.
4. Under the facts as they appear in the record, there was no error in refusing to give the requested instruction set out in the 4th special ground of the motion.
5. There is no merit in the ground that the plaintiff failed to prove his case as laid, or in the general grounds of the motion for a new trial. The issues in the case were fully and fairly submitted to the jury by the charge of the court, the verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

DECIDED JULY 12, 1918.

Action for damages; from Tift superior court—Judge Eve. November 1, 1917.

*Fulwood & Hargrett,* for plaintiff in error.

*C. A. Christian, R. D. Smith,* contra.

HARWELL, J. Morris brought suit against Tift's Garage for damages to an automobile. The evidence supported the allegations of the petition, and briefly stated showed the following facts: Morris drove his car up in front of the garage, and went into the

office to purchase a casing and some gasoline. He applied to Mr. Scott, a young men in the office, for the casing, and, as Scott started off, Morris asked if there was somebody who could fill his car with gas, and Scott replied "Yes, the fellow right outside there." Morris then approached a negro in the garage outside of the office and asked him if he worked there, and, upon receiving the reply that he did, told him that he wanted five gallons of gasoline. It was testified that the negro was the only person outside the office in the garage. The tank was inside the garage and just outside the office. The negro drove the car in at a high and negligent rate of speed, and in doing this damaged the car as alleged in the petition. Morris sent the car to Atlanta and had it repaired, and then brought this suit, alleging that the damage was caused by the negligence of the defendant's employee. The defendant admitted that the negro was employed in the garage, but denied that its employee Scott referred Morris to the negro in order to get his car filled with gasoline. The defendant claimed that the negro's duties were simply to clean up around the garage and to fill cars with gasoline, but that they did not employ him or expect him to drive cars into the garage for that purpose. The defendant insisted that the damage was caused by Morris voluntarily having the negro to drive the car into the garage without any authority from the defendant, and that it was not liable to the plaintiff in any sum. The jury found in favor of the plaintiff. The case came to this court on exceptions to the overruling of the demurrer to the plaintiff's petition, and to the refusal to grant a new trial.

It is not deemed necessary to elaborate the headnotes.
*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*